IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JAN 14 2000

Michael N. Milby, Clerk

| | |
|---|---|
| CHRISTOPHER E.P., b/n/f ROSE V. § § § | |
| Plaintiff, § § | Civil Action No. C-00-021 |
| vs. § § | JURY |
| CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT and CITY OF CORPUS CHRISTI, TEXAS § § § § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### PARTIES

1.  Plaintiff Christopher E.P. is a resident of the City of Corpus Christi, Texas.

2.  Defendant Corpus Christi Independent School District is a school district organized and existing under the laws of the State of Texas and may be served with process by serving the agent for service of process, the superintendent of the school district, Dr. Abelardo Saavedra, 801 Leopard St., P.O. Box 110, Corpus Christi, Texas 78403-0110.

3.  Defendant City of Corpus Christi is a municipality organized and existing under the laws of the State of Texas and may be served with process by serving the agent for service of process, the secretary of the city, Mr. Armando Chapa, 1201 Leopard St., Corpus Christi, Texas 78401.

## JURISDICTION

4.  The action arises under the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act and this Court has subject matter jurisdiction under those statutes as well as 28 U.S.C. §1331.

## VENUE

5.  The venue of this action is properly placed in the Southern District of Texas, Corpus Christi Division.

## ADMINISTRATIVE PREREQUISITES

6.  On or about October 14, 1999, Plaintiff Christopher E.P. (hereinafter "Plaintiff") filed a Request for Special Education Due Process Hearing against Defendant Corpus Christi Independent School District under the Individuals with Disabilities Education Act. In the request, Plaintiff sought an instructional aide for an after-school child-care program operated by Defendant City of Corpus Christi at facilities provided by Defendant Corpus Christi Independent School District. Plaintiff is a twelve year old with multiple disabilities. More specifically, Plaintiff suffers from Cri-Dy-Chat Syndrome, Plaintiff suffers from very low motor skills and control due to his disability and is, consequently, wheelchair bound. Also as a result of the Cri-Dy-Chat Syndrome, Plaintiff has very low mental capabilities and is considered to be severely mentally retarded. On December 3, 1999, Special Education Hearing Officer Olivia B. Ruiz filed a written decision incorrectly concluding that the IDEA did not confer jurisdiction on the after-school child-care program about which Plaintiff complains. Attached hereto as ***Exhibit "A"*** and incorporated herein is a copy of the decision. Plaintiff has satisfied all administrative prerequisites and is therefore entitled to all remedies and damages provided by the IDEA.

## FAILURE TO PROVIDE SPECIAL EDUCATION SERVICES

7.  Plaintiff is a twelve-year-old elementary student residing within Defendant Corpus Christi Independent School District (hereinafter "CCISD"). Plaintiff is eligible for and currently receives special education services for the purpose of regular classroom instruction. CCISD has denied, however, Plaintiff's request to participate in CCISD's after-school child-care program, which is referred to as the Latchkey Program. The Latchkey Program is operated by the Parks and Recreation Department of Defendant City of Corpus Christi (hereinafter "City"). In a contract with the City, CCISD provides buildings, playground facilities, utilities and janitorial services for the Latchkey Program. Pursuant to this contract, the Parks and Recreation Department is responsible for administering the Latchkey Program. The City's administrative responsibilities include hiring and training staff, providing program activities, collecting fees, paying expenses, complying with health and safety guidelines, and maintaining licenses required by the State of Texas.

On numerous occasions, Plaintiff has requested that he be allowed to participate in the Latchkey Program offered on the campus of the school he currently attends. As part of his participation in the program, Plaintiff requires and has requested that a paraprofessional be assigned to him during the time that he is attending the program. Plaintiff already receives the assistance of a paraprofessional when he is attending school during regular hours. In spite of Plaintiff's numerous requests, Defendants have refused to allow Plaintiff to participate in the Latchkey Program offered on the campus of the school that he currently attends.

8.  Defendants' failure to allow Plaintiff to participate in the Latchkey Program offered on the campus of the school that he currently attends constitutes violations of the federally protected rights of Plaintiff, including but not limited to the Individuals with Disabilities Education

Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act, for which Defendants are jointly and severally liable.

9. As a result of Defendants' failure to allow Plaintiff to participate in the Latchkey Program, Plaintiff has had to incur substantial costs associated with obtaining private after school care as a substitute for the Latchkey Program, for which the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act provide compensation. Plaintiff seeks a judgment for all equitable and injunctive relief as well as all damages provided by the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act including attorneys' fees and expert fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Christopher E.P., b/n/f Rose V. requests that Defendants be cited to appear and answer herein, and that at the trial of this cause the Court grant Plaintiff a judgment against Defendants and directing Defendants to allow Plaintiff to participate in the Latchkey Program offered on the campus of the school that Plaintiff is currently attending, the assistance of a paraprofessional assigned to be with him during the time that he is attending the Latchkey Program, extended year services for Defendants' summer programs, reimbursement for Plaintiff's mother in the way of compensatory services provided by Defendants to cover the out-of-pocket expenses that she has been made to pay for private after school care for Plaintiff, compensatory damages, pre-judgment and post-judgment interest, attorney's fees, expert fees, costs of court, and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
Les Cassidy
1020 Bank of America Center North
500 N. Water Street
Corpus Christi, Texas 78471
361/ 887-2965 office
361/ 887-6521 fax
State Bar No. 03979270
Federal I.D. No. 5931

Attorney for Plaintiff