IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 07 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| CHRISTOPHER E.P., b/n/f ROSE V. | § § | |
| Plaintiff | § § | |
| vs. | § | CIVIL ACTION NO: C-00-021 |
| | § § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT AND CITY OF CORPUS CHRISTI, TEXAS | § § § | |

## ORIGINAL ANSWER OF DEFENDANT CITY OF CORPUS CHRISTI

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The City of Corpus Christi, one of the Defendants in the above styled and numbered cause (hereinafter referred to as "The City"), files its Original Answer in response to Plaintiff's Original Complaint. In support of its Answer, The City shows as follows:

### RESPONSE TO INDIVIDUAL PARAGRAPHS OF THE COMPLAINT

1. The City admits that Christopher E.P. is a resident of the City of Corpus Christi, Texas.

2. The City can neither admit nor deny the statements made in Paragraph 2 of Plaintiff's Original Complaint.

3. The City admits that it is a home rule municipality and that it has been properly served with the citation in this cause.

4. The City denies that this Court has jurisdiction over this matter because the cause of action does not fall within the auspices of the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, or the Americans with Disabilities Act. The "Latch-Key" program is

H:\LEG-DIR\NOEMI\ANDY\4452ROSE\4452QU03.PLD

1.

not a program that comes under the programs delineated in the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* (hereinafter referred to as "IDEA"), and Plaintiff has not pled any facts to show that the other named acts are at all applicable to this case. As such, there is no Federal question jurisdiction and 28 U.S.C. § 1331 is not applicable.

5. The City admits that the Southern District of Texas, Corpus Christi Division is the proper venue for this cause (if jurisdiction exists).

6. The City admits that Plaintiff filed a *"Request for Special Education Due Process Hearing"* on October 14, 1999, requesting therein that an instructional aide be provided for an ***after-school child care*** program operated by the City of Corpus Christi Department of Parks and Recreation at facilities provided by the Corpus Christi Independent School District. The City can neither admit nor deny the exact nature of Plaintiff's medical diagnosis, but does admit that Plaintiff has multiple disabilities and is confined to a wheel-chair. The City admits that on December 3, 1999, Special Hearing Officer Olivia B. Ruiz entered a written decision, but denies that the Hearing Examiner conclusion concerning the jurisdiction of the IDEA was incorrect. Because this matter does not fall within the IDEA, and due to the fact that it does not appear that Plaintiff has taken any administrative action under the other statutes cited in his Complaint, the City can neither admit nor deny that Plaintiff has satisfied all of the administrative remedies.

7. The City admits that Plaintiff is a twelve year old boy, and that he is eligible for, and currently receiving, special education services from the Corpus Christi Independent School District. The City admits that it administers the Latch-key program using facilities owned and maintained by the Corpus Christi School District. The City also admits that it has refused to provide Plaintiff with an instructional aide, but denies that it has refused to allow Plaintiff to participate in the program.

8. The City denies the legal conclusions asserted in Paragraph 8 of Plaintiff's Original Complaint. The Latch-Key program is not federally funded, and is not an educational program. Further, the City denies that the Rehabilitation Act of 1973 would apply at all to this case, and it is also unlikely that the American's with Disabilities Act would apply.

9. The City denies the applicability of the statutes cited by Plaintiff and further denies that Plaintiff is entitled to any of the relief sought in Paragraph 9 of the Original Complaint.

## AFFIRMATIVE DEFENSES

10. As a first Affirmative Defense, The City contends that Plaintiff has not properly invoked this Court's Jurisdiction because the Latch-Key program is not a "federally funded educational program" as such is defined by IDEA, 20 U.S.C. § 1401 (particularly in light of the policy considerations outlined in 20 U.S.C. § 1400). As a result, Plaintiff's cause of action fails to state a claim upon which relief may be granted. Plaintiff has pled no other facts that properly invoke the Court's jurisdiction.

11. As a second Affirmative Defense, The City contends that Plaintiff has not pled a cause of action for which relief may be granted.

12. As a third affirmative defense, The City contends that Plaintiff has not pled a proper cause of action under the Rehabilitation Act of 1973, and has not satisfied the administrative requirements thereunder.

13. As a fourth affirmative defense, the City contends that Plaintiff has not pled a proper cause of action under the Americans with Disabilities Act.

The City of Corpus Christi respectfully requests that Plaintiff take nothing by his cause; that The City go hence without day, and recover its costs and attorney fees, and for such other and further relief, both general and special, at law and in equity, to which it may prove itself justly entitled.

Respectfully submitted,
**JAMES R. BRAY, JR**
**CITY ATTORNEY**

Andrew L. Quittner
Assistant City Attorney
Texas Bar No. 16439975
S.D. Texas No.: 17001

City of Corpus Christi
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone: (361) 880-3376
Facsimile: (361) 880-3239

**ATTORNEY FOR DEFENDANT**
**CITY OF CORPUS CHRISTI**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2000, a true and correct copy of the above and foregoing document was served on the following by the method indicated:

**BY U.S. MAIL:**

Mr. Les Cassidy
Woolsey & Cassidy
1020 Bank of America Center
500 N. Water Street
Corpus Christi, Texas 78471


Ms. Linda Flores Resendez
Assistant Staff Attorney
Corpus Christi Independent School District
P.O. Box 110
Corpus Christi, Texas 78401

/s/ Andrew L. Quittner
Andrew L. Quittner
Assistant City Attorney