Case 2:00-cv-00021 Document 11 Filed in TXSD on 02/14/2000 Page 1 of 9

United States District Court
Southern District of Texas
FILED

FEB 14 2000

Michael N. Milby, Clerk

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. P., b/n/f ROSE V. Plaintiff | § | |
| | § | |
| | § | Civil Action No. C-~~99-510~~ 00-21 |
| VS. | § | Jury |
| | § | |
| CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, ET AT. Defendants | § | |

JOINT REPORT OF THE MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26, FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff, Christopher E. P., and Defendant, Corpus Christi Independent School District, et. al. by and through their respective counsel, hereinafter collectively referred to as the "parties", and submit the following Joint Discovery/Case Management Plan Under Rule 26 (F), Federal Rules of Civil Procedure.

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

**Answer:** **Mr. Thomas E. Baker, Jr., appearing for Les Cassidy, attorney for Plaintiff, Christopher E. P. b/n/f Rose V.; Linda Flores-Resendez, attorney for Defendant Corpus Christi Independent School District; and Andrew L. Quittner, attorney for Defendant City of Corpus Christi, met by way of telephonic conference on February 11, 2000 at 1:30pm.**



11.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

**Answer:** **None.**

3. <u>Briefly</u> describe what this case is about

**Answer:** **This case involves a twelve year old with multiple disabilities who sought an instructional aide for an after-school child-care program operated by Defendant City of Corpus Christi at facilities provided by Defendant Corpus Christi Independent School District. On December 3, 1999, Special Education Hearing Officer Olivia B. Ruiz filed a written decision concluding that the IDEA did not confer jurisdiction on the after-school child-care program. Plaintiff contends that this decision was incorrect and this case is, in part, an appeal of that decision.**

4. Specify the allegation of federal jurisdiction.

**Answer:** **This suit was brought by Plaintiff pursuant to the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, and the American with Disabilities Act and this Court has subject matter jurisdiction under these statutes as well as 28 U.S.C. §1331.**

5. Name the parties who disagree and the reasons.

**Answer:** **Defendants disagree that this court has jurisdiction because they contend that the Latch-Key Program does not fall within the coverage of those statutes.**

**6.** List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Answer:** **None.**

**7.** List anticipated interventions.

**Answer:** **None.**

**8.** Describe class-action issues.

**Answer:** **None.**

**9.** State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Answer:** **Initial Disclosures have not been made by any party. Parties agree to make disclosures on or by the Initial Pretrial Conference.**

**10.** Describe the proposed agreed discovery plan, including:

**A.** Responses to all matters raised in Rule 26(f).

**Answer:** **Plaintiff and Defendants have agreed to respond to all matters raised in Rule 26(f).**

**B.** When and to whom the plaintiff anticipates it may send interrogatories.



ClibPDF - www.fastio.com

**Answer:** **Plaintiff anticipates he will send interrogatories to Defendants by March 31, 2000.**

**C.** When and to whom the defendant anticipates it may send interrogatories.

**Answer:** **Defendants anticipate they will send interrogatories to Plaintiff by March 31, 2000.**

**D.** Of whom and by when the plaintiff anticipates taking oral depositions.

**Answer:** **Plaintiff anticipates taking the oral depositions on July 31, 2000 and possibly other witnesses may be taken on or by July 31, 2000.**

**E.** Of whom and by when the defendant anticipates taking oral depositions.

**Answer:** **Defendants anticipates taking the oral deposition on July 31, 2000 and may take other witnesses depositions on or by July 31, 2000.**

**F.** When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Answer:** **Plaintiff will designate experts by August 21, 2000.**

**Defendants will designate experts by September 8, 2000.**



ClibPDF - www.fastio.com

**Expert reports will be due upon designation of each expert.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Answer: After designation of experts by Defendants, Plaintiff will depose such experts within thirty (30) days.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Answer: After designation of experts by Plaintiff, Defendants will depose such experts within thirty (30) days.**

**11.** If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Answer: All are agreed.**

**12.** Specify the discovery beyond initial disclosures that has been undertaken to date.

**Answer: None.**

**13.** State the date the planned discovery can reasonably be completed.

**Answer: September 29, 2000.**

**14.** Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Answer:** **Defendants do not anticipate settlement discussions until dispositive motions have been considered.**

**15.** Describe what each party has done or agreed to do to bring about a prompt resolution.

**Answer:** **The parties have agreed to cooperate with discovery.**

**16.** From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Answer:** **Defendants do not believe that this is a suitable case for ADR.**

**17.** Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Answer:** **All parties do not consent to trial before a magistrate judge.**

**18.** State whether a jury demand has been made and if it was made on time.

**Answer:** **Jury demand has been made in a timely manner.**

**19.** Specify the number of hours it will take to present the evidence in this case.

**Answer:** **The parties estimate that it will take approximately fifteen (15) hours to present the evidence in this case.**

**20.** List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Answer:** **None.**



ClibPDF - www.fastio.com

21. List other pending motions.

**Answer: None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

**Answer: None.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Answer: Plaintiff filed Certification of Interested Parties on January 27, 2000. Defendant, City of Corpus Christi filed its Certificate of Interested Parties on February 07, 2000. Defendant, Corpus Christi Independent School District filed its Certificate of Interested Parties on February 14, 2000.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**Answer:**

**Counsel for Plaintiff:**
Les Cassidy
500 N. Water St
1020 Bank of America Center North
Corpus Christi, Texas 78471
(361) 887-2965 office
(361) 887-6521 fax
State Bar No. 03979270
Federal I.D. No. 5931

**Counsel for Defendants:**
Linda Flores-Resendez
801 Leopard St.
P.O. Box 110
Corpus Christi, Texas 78401
(361) 886-9067 office
(361) 844-0283 fax
State Bar No. 07164490
Federal I.D. No. 12591

Attorney for Defendant, Corpus Christi Independent School District

Andrew L. Quittner
Assistant City Attorney
P.O. Box 9277
Corpus Christi, Texas 78471
(361) 880-3360 office
(361) 880-3239 fax
State Bar No. 16439975
Southern District No. 17001

Attorney in Charge for Defendant, City of Corpus Christi

AGREED:

Thomas E Baker for Les Cassidy with permission
Les Cassidy
500 N. Water St.
1020 Bank of America Center North
Corpus Christi, Texas 78471
(361) 887-2965 office
(361) 887-6521 fax
State Bar No. 03979270
Federal I.D. No. 5931

Attorney in Charge for Plaintiff

Thomas E Baker for Linda Flores Resendez with permission
Linda Flores-Resendez
801 Leopard St.
P.O. Box 110
Corpus Christi, Texas 78401
(361) 886-9067 office
(361) 844-0283 fax
State Bar No. 07164490
Federal I.D. No. 12591

Attorney in Charge for Defendant, Corpus Christi Independent School District

Thomas E Baker for Adrew L. Quittner with permission
Andrew L. Quittner
Assistant City Attorney
P.O. Box 9277
Corpus Christi, Texas 78471
(361) 880-3360 office
(361) 880-3239 fax
State Bar No. 16439975
Southern District No. 17001

Attorney in Charge for Defendant, City of Corpus Christi