United States District Court
Southern District of Texas
ENTERED

FEB 2 3 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHRISTOPHER E.P. b/n/f          §
ROSE V.                         §
                                §
V.                              §          C.A. NO. C-00-021
                                §
CORPUS CHRISTI INDEPENDENT      §
SCHOOL DISTRICT, et al          §

18.

## ORDER FOR REFERRAL TO MEDIATION

The Court has hereby ordered the parties to participate in a good faith, non-binding mediation.  Mediation is a mandatory, but non-binding, settlement conference where the parties will attempt to resolve their differences with the assistance of a third party facilitator, the Mediator.  All proceedings in a mediation session are confidential and privileged from discovery.  The parties shall select the mediator of their choice, and if the parties are unable to agree on a mediator the Court will appoint one.  The mediation shall be conducted at such time and place as the parties shall mutually agree, and the results of the mediation shall be reported to the Court no later than October 13, 2000.

Following the mediation, the Court will be advised by the parties only that the case did or did not settle, and no other information will be transmitted by the mediation organization or any other party.

Each party and their counsel will be bound by the following Rules for Mediation:

1. **Fees and Expenses.**  The parties shall make independent arrangements for payment of fees for the mediation. The costs of mediation are to be divided and borne equally by the

parties, 1/2 by plaintiff(s) and 1/2 by defendant(s), unless agreed otherwise.

2.   **The Mediator's Hourly Fee.**  The fee shall be agreed upon prior to mediation.  The expenses of witnesses for either side shall be paid by the party producing such witnesses.  All other expenses of the mediation, including fees and expenses of the Mediator, and the expenses of any witness produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.

3.   **Definition of Mediation.**  Mediation is a process under which an impartial person, the Mediator, facilitates communication between the parties to promote reconciliation, settlement, or understanding among them.  The Mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

4.   **Consent to Mediator.**  The parties consent to the appointment of the individual named as Mediator in their case.  The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

5.   **Conditions Precedent to Serving as Mediator.**  The Mediator will only serve in cases in which the parties are represented by attorneys.  The Mediator shall not serve as a Mediator in any dispute in which he has any financial or personal interest in the result of the mediation.  Prior to accepting an appointment, the Mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.  In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

6.   **Authority of Mediator.**  The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties.  The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties to achieve settlement.  If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expense of obtaining such advice.  Arrangements for obtaining such advice shall be made by the Mediator or the parties as the Mediator shall determine.

7.   **Pre Mediation Contact with Mediator.**  The parties shall not contact the Mediator in the absence of any party to the case. Ex parte contact with the Mediator is permissible only where the oral or written consent of every non-participating party is obtained prior to the communication with the Mediator.

2

8.   **Commitment to Participate in Good Faith.**   While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

9.   **Parties Responsible for Negotiating Their Own Settlement.**   The parties understand that the Mediator will not and cannot impose a settlement in their case, and the parties agree that they are responsible for negotiating a settlement acceptable to them.   The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties.   The Mediator does not warrant or represent that settlement will result from the mediation process.

10.   **Presence and Authority of Representatives.**   Named parties shall be present during the entire mediation process if needed to settle, and each corporate party must be represented by an executive officer with authority to negotiate a settlement.

11.   **Mediation Materials.**   Each party may prepare a letter brief addressed to the Mediator which sets out the position of the party.   The letter shall be typed, single spaced and should not exceed ten pages in length.   The letter shall also identify the person present at the mediation who has settlement authority, as outlined in paragraph 10, above, by stating such person's name, address and business telephone number.   The letter shall be submitted to the Mediator no later than 5:00 p.m., five (5) days prior to the commencement of the mediation, via telecopy.   The parties may submit to the Mediator a reply to the mediation letter of any other party.   The reply shall also be in letter form, single spaced and should not exceed three pages in length. Any reply shall be submitted to the Mediator no later than 5:00 p.m., two (2) days prior to the commencement of the mediation, via telecopy.   All mediation materials described above shall be served upon the other parties via telecopy, and U. S. mail, at the time of submission to the Mediator.

In addition to the foregoing materials, each party shall be responsible to submit to the Mediator the most recent pleadings filed by that party, including the most recent petition, answer, counterclaim, etc., as well as any other materials required by the Mediator, including discovery materials.   All such pleadings and other materials shall be submitted to the Mediator in accordance with the Mediator's instructions.

Any party may bring demonstrative aids or any non-party witness, such as an expert witness, to the mediation session.

At or before the first session of the mediation, the parties may be expected to produce all information reasonably

3

required of the Mediator to understand the issues presented.  The Mediator may require any party to supplement such information.

12.  **Mediation Sessions are Private.**  The parties and their representatives may attend mediation sessions.  Other persons may attend only by agreement of the parties and with the consent of the Mediator.  Persons that will offer testimony as contemplated in paragraph 11, above, may attend only to provide their testimony and may not attend the entire mediation unless otherwise agreed upon by the parties.

13.  **Confidentiality.** Confidential information disclosed to the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator.  All records, reports or other documents received by the Mediator while serving in that capacity shall be confidential.  The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.  Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorneys' fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce in any arbitral, judicial, or other proceeding:  (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; (b) admissions made by another party in the course of the mediation proceedings; (c) proposals made or views expressed by the Mediator; or (d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

14.  **No Stenographic Record.**  There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

15.  **No Service of Process at or Near the Site of the Mediation Session.**  No subpoenas, summons, complaints, citations, writs or other process shall be served at or near the location of any mediation session, upon any person entering, attending or leaving any mediation session.

16.  **Termination of Mediation.**  The mediation shall be terminated:  (a) by the execution of a settlement agreement by the parties; or (b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; or (c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

4

17. **Exclusions of Liability.** The Mediator is not a necessary or proper party in judicial proceedings relating to the mediation.   Neither Mediator nor any law firm employing the Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

18. **Interpretation and Application of Rules.**   The Mediator shall interpret and apply these rules.

Referral to alternative dispute resolution is not a substitute for trial.   The case will be tried if not settled.

SO ORDERED this 22 day of February, 2000.


JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

5

ClibPDF - www.fastio.com