**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

**NOV 2 1 2000**

Michael N. Milby, Clerk

| | |
|---|---|
| CHRISTOPHER E.P., b/n/f § | |
| ROSE V. § | |
| **Plaintiff** § | |
| § | |
| vs. § | **CIVIL ACTION NO: C-00-021** |
| § | **NONJURY** |
| CORPUS CHRISTI INDEPENDENT § | |
| SCHOOL DISTRICT AND CITY OF § | |
| CORPUS CHRISTI, TEXAS § | |
| § | |
| **Defendants** § | |

## JOINT PRETRIAL ORDER

### I.
### APPEARANCE OF COUNSEL

1.01    Plaintiff:

Les Cassidy
500 N. Water Street
1020 Bank of America Center North
Corpus Christi, Texas  78741
(361) 887-2965 (office)
(361) 887-6521 (fax)

1.02    Defendant Corpus Christi Independent School District:

Sandra Sterba-Boatwright
Meredith, Donnell, & Abernethy
One Shoreline Plaza
800 N. Shoreline Dr., Suite 1500 - North Tower
Corpus Christi, Texas  78401
(361) 866-8136 (office)
(361) 880-5618 (fax)

1.03    Defendant City of Corpus Christi:

Andrew L. Quittner
Assistant City Attorney
P.O. Box 9277
1201 Leopard Street
Corpus Christi, Texas  78469-9277
(361) 880-3360 (office)
(361) 880-3239 (fax)

## II.

## STATEMENT OF THE CASE

2.01    Christopher E.P., Plaintiff, is a twelve year-old elementary student who attends school in the Corpus Christi Independent School District (alternatively referred to throughout as "CCISD" and/or the "School District").   He is eligible for and receiving special education services from CCISD during his school day at a middle school because of his disability.   Christopher E.P. is afflicted with Cri-Du-Chat Syndrome which means "cry of the cat" and has resulted in orthopaedic and mental retardation.

Christopher E.P.'s single mother, Rose V., is employed full time (8:00 a.m. to 5:00 p.m.) as an administrative aide at a doctor's office in Corpus Christi, Texas.   The City of Corpus Christi (alternatively referred to throughout as "City"), Defendant, provides an after-school program for elementary school children who fit a certain criteria in Corpus Christi, Texas, Christopher E.P. believes he has been denied entry into that program because of his disability in violation of the Americans with Disabilities Act (ADA), Individuals with Disability Education Act (IDEA), and Rehabilitation Act of 1973 (Rehabilitation Act).

Rose V. filed one or more application(s) with the program but did not provide a doctor's signature, as required by the program.   The City, however, informed Ms. V. that Chris P. could be accepted in the program if she provided an aide to assist him.

Rose V. seeks relief from this Court in the form of an injunction, reimbursement for the costs of after-school care, compensatory services, out-of-pocket expenses, attorneys' fees, and costs.

2

## III.

## JURISDICTION

3.01    Plaintiff filed her cause of action alleging violations of  the Americans with Disabilities Act, 42 U.S.C. § 12132,  the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Individuals with Disabilities Education Act, 20 U.S.C. § 1415.  Although both Defendants disagree that these acts are applicable under the factual circumstances presented herein, Defendants do agree that the issues raised are Federal questions properly addressed by this Court.  Jurisdiction under the IDEA and Rehabilitation Act are specifically contested as not being applicable in this instance.

## IV.

## MOTIONS

4.01    Pending before the Court are:

   A.    Defendant Corpus Christi Independent School District's Motion for Summary Judgment and Plaintiff's Response thereto;

   B.    Defendant City of Corpus Christi's Motion for Summary Judgment and Plaintiff's response thereto; and

   C.    Defendant Corpus Christi Independent School District's Motion for Leave to File and Amended Complaint.

## V.

## CONTENTIONS OF THE PARTIES

5.01    **Plaintiff's Claims**.  Rose V. contends that her son is being discriminated against because of his disability.  He has the same need for the after-school care program that is provided to other children who attend his school.  The reason he is not permitted to participate in the program

CivilPDF - www.fasize.com

is because of his disability. The cost of providing additional supervision for his participation is not an undue financial burden on the program. Plaintiff contends that the Latchkey Program is sponsored jointly by CCISD and the City. The criteria for admission was designed to exclude children with the disabilities of the Plaintiff.

### 5.02    Defendant Corpus Christi Independent School District's Contentions:

Defendant CCISD contends first and foremost that the program about which Christopher E.P. complains is not a program funded by, controlled by, or operated by CCISD and is not an educational program. In essence, it is not a CCISD program. CCISD further contends that there is no jurisdiction of this matter under the Rehabilitation Act or under the IDEA. There is no jurisdiction as to this defendant under the ADA, as there is no complaint about the physical structure of the school and its accessibility. Any complaints regarding the management or operation of the program should be directed to the City who runs the program. CCISD further contends that this dispute, if any, remains between the City and Rose V. CCISD further contends that this lawsuit properly involves only the 1999-2000 school year and that many issues have become moot, because Christopher E.P. now attends middle school and is no longer eligible for the program. Further, CCISD contends that Rose V. and Christopher E.P. are not entitled to the relief they seek.

### 5.03    Defendant City of Corpus Christi's Contentions:    The Latchkey Program, as run by the City of Corpus Christi, is an after-school supervised recreational program, the purpose of which is to provide a structured recreational program for some of the elementary school age children. The Latchkey Program is funded solely by its participants. The program was designed to fall within the licensing guidelines of the Texas Department of Protective and Regulatory Services in a manner

4

that would provide the maximum number of students to supervisors for elementary school age groups. This decision was made to maximize student usage while minimizing costs to participants.

In keeping with the TDPRS guidelines, the Program developed certain eligibility parameters including a minimum age, requirements concerning administration of medications, and a requirement that all participants have the ability to handle all of their individual toileting needs.

Pursuant to an Interlocal Cooperation Agreement, the City of Corpus Christi leases building space from the Corpus Christi Independent School District. The School District does not participate in the operation of the Latchkey Program. The City of Corpus Christi is not an "educational agency" nor is the Latchkey Program an "educational program" as such terms are defined by the Individuals with Disabilities Education Act and the Rehabilitation Act.

The City of Corpus Christi agrees that Christopher E.P. is a disabled individual, as such is defined by Federal law. The City does not, however, agree that Christopher is "otherwise qualified" as that term is used in the Acts relied upon by the Plaintiff. The City therefore contends that it has not improperly discriminated against Christopher E.P. Further, Plaintiff has not pled or proved intentional discrimination (and the acts complained of, if discriminatory, would not amount to intentional discrimination) therefore she is not entitled to compensatory damages. Finally, Christopher is no longer eligible for the Latchkey Program because he is now enrolled in middle school (the Program is limited to elementary school students). The City therefore contends that Plaintiff is not entitled to injunctive relief, thus that part of her claim is moot. Since Plaintiff is not entitled to either injunctive relief or compensatory damages, the case is now moot and should be dismissed.

5

# VI.

## ADMISSIONS OF FACT

6.01    Rose V. is the natural mother of Christopher E.P., a student at a middle school in Nueces County, Texas.

6.02    Christopher E.P. attends school in the Corpus Christi Independent School District and within the City of Corpus of Corpus Christi.

6.03    Christopher E.P. attended elementary school in the 1999-2000 academic school year.

6.04    The City of Corpus Christi has operated and operates a Latchkey Program available to elementary school students who meet specific criteria during the time at issue in this suit.

6.05    Rose V., on behalf of Christopher, applied for admission to the Latchkey Program for the 1999-2000 school year.

6.06    Christopher E.P. did not attend the Latchkey Program in 1999-2000.

6.07    The application which Rose V. filed on behalf of her son for the Latchkey Program in 1999-2000 contains a space for a doctor's signature.   Rose V.'s application on behalf of Christopher E.P. for the 1999-2000 school year was not signed by a doctor.

6.08    The Latchkey Program requires any student to have the mental and physical capacity of a five-year old.

6.09    The Latchkey Program requires any student to be able to handle his own toileting needs for admission into the Latchkey Program.

6.10    The Latchkey Program requires that each child be able to handle his own medication needs for admission into the Latchkey Program.

6.11    Christopher E.P. is unable to handle his toileting needs without assistance.

6.12    Christopher E.P. is unable to handle his medication needs without assistance.

6.13    Christopher E.P. has the mental capacity of a five-year old, at most, only in some ways.

6.14    The City of Corpus Christi informed Rose V. that if she provided an aide to assist Christopher E.P. with his toileting and medication needs, that he would be eligible to attend the Latchkey Program.

6.15    CCISD provides the physical facility, janitorial and utility services for the maintenance of the facility to the Latchkey Program.

6.16    CCISD does not operate, control or run the policies of the Latchkey Program.

6.17    The City receives no federal funds for the Latchkey Program.

6.18    No federal funds are used for the Latchkey Program.

6.19    No federal funds were used for the building of the schools at which the programs occur.  No federal funds are used for janitorial or utility services at CCISD Schools.

6.20    The Latchkey Program is funded solely by parental payments.

6.21    Forty percent (40%) of Latchkey Program participants attend on a scholarship basis.

6.22    Rose V. initiated a due process proceeding against CCISD under the IDEA with respect to her son's request for admission into the Latchkey Program.  The Hearing Officer determined that there was no jurisdiction under the IDEA.

6.23    Rose V. is employed at a local doctor's office from 8:00 a.m. to 5:00 p.m.

6.24    Rose V. hired an aide to care for Christopher E.P. between 3:00 p.m. (the time at which school ends) and 5:00 p.m. or into the early evening.

6.25    Christopher E.P. now attends middle school and is no longer eligible for the City's Latchkey Program.

6.26    Christopher E.P. is a disabled individual within the general meaning of the ADA.

6.27    Christopher E.P. is a disabled individual within the general meaning of the Rehabilitation Act.

6.28    Christopher E.P. is a disabled individual within the general meaning of the IDEA.

6.29    Christopher E.P. attended a CCISD elementary school from first through fifth grade, completing his fifth grade in the Spring of 2000.

6.30    There is no Latchkey Program currently available in Corpus Christi for students of middle school.

6.31    The annual full cost of the Latchkey Program to a parent for one child in 2000-2001 is Six Hundred and Six and No/100 Dollars ($606.00).

6.32    The annual cost of the assistance that Rose V. claims to have hired as a result of her inability to have Christopher E.P. in the Latchkey Program at Seven and No/100 Dollars ($7.00) per hour, two hours per day, and 180 days per year (which would have to be adjusted due to absences) would be Two Thousand Five Hundred Twenty and No/100 Dollars ($2,520.00). At three hours per day the amount is Three Thousand, Seven Hundred and Eighty and No/100 Dollars ($3,780.00)

6.33    The City of Corpus Christi is not an educational service agency under the IDEA.

6.34    CCISD is an educational service agency under the IDEA.

8

6.36    A student's educational needs under the IDEA are addressed at an Admission Review and Dismissal Committee meeting to aid in the formulation of an Independent Educational Plan.

6.37    Plaintiff does not seek punitive damages.

## VII.

## CONTESTED ISSUES OF FACT

7.01    Whether or not Rose V. properly completed an application for her son's admittance to the Latchkey Program.

7.02    Whether or not Rose V. applied for the Latchkey Program in any other calendar year other than 1999-2000.

7.03    Whether Christopher E.P. would have applied timely to be admitted into the program.

7.04    Whether or not Christopher E.P. is a "otherwise qualified" individual.

7.05    Whether or not the City's offer to allow Christopher E.P. to attend the program, with an aide provided by him, was a reasonable accommodation.

7.06    Whether or not the accommodations requested by Plaintiff amount to a fundamental change in the City's Latchkey Program in comparison to the Program as now offered.

7.07    Whether or not the accommodations requested by Plaintiff are "reasonable."

7.08    Whether or not the accommodations requested by Plaintiffs would create an undue financial burden on the Program as it is now operated by the City.

7.09    The amount and method of calculation of compensatory damages, if any.

7.10    Although she hired an aide, she never sought admission to the program with that aide.

9

7.11    CCISD does not operate, control, run, or in any way determine or influence the policies of the Latchkey Program.

7.12    The City of Corpus Christi operates the Latchkey Program pursuant to guidelines issued by the Texas Protective and Regulatory Services Department which are dependent in part on the mental and physical age of the clientele.

7.13    The IDEA does not apply to the Latchkey Program as it is not an educational program.

7.14    At all previous ARD meetings and subsequent hearings, no complaint was made that participation in the Latchkey program was required to provide a free appropriate public education to Christopher E.P.

7.15    The amount of plaintiff's attorneys fees if any.

## VIII.

## AGREED PROPOSITIONS OF LAW

## <u>INDIVIDUALS WITH DISABILITIES EDUCATION ACT</u>

8.01    The IDEA jurisdictionally applies only to issues concerning a child's educational program. See 20 U.S.C. § 1400(d)(1)(A).  See also 34 C.F.R. § 300.503(A)(1).

8.02    The purpose of the IDEA is to meet the special educational needs of children with disabilities by promoting the provision of "a free appropriate public education." 20 U.S.C. § 1400(C)(2)(E).

8.03    The IDEA does not require schools to maximize a student's potential or provide the best possible education at public expense, but only to "provide sufficient specialized services so that the student benefits from his education," i.e. a free appropriate public education. *Fort Zumwalt*

10

*School District v. Clynes*, 119 F.3d 607, 612 (8th Cir. 1997) *cert. denied*, 523 U.S. 1137,

140 L.E.2d 1090, 118 S.Ct. 1840 (1998), citing *Board of Education v. Rowley*, 458 U.S. 176, 203,

73 L.E.2d 690, 102 S.Ct. 3034 (1982).

## AMERICANS WITH DISABILITIES ACT

8.04    The ADA requires an individual to show that he is a qualified individual with a

disability; that he was excluded from participation in or denied the benefits of a public entity's

services, programs, or activities and that such treatment was by reason of his disability.

*Hoekstra v. Independent School District No. 283*, 916 F.Supp 941, 948 (dism'd 1996), *aff'd*,

103 F.3d 624 (8th Cir. 1996), *cert. denied* 520 U.S. 1244, 137 L.E.2d 1054, 117 S.Ct. 1852 (1997).

8.05    Absent proof of intentional discrimination, plaintiffs are not entitled to compensatory

damages under the ADA. *Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1999), *cert. denied*,

526 U.S. 1159, 144 L.Ed.2d 216, 119 S.Ct. 2049 (1999); *Carter v. Orleans Parish Public Schools*,

725 F.2d 261, 264 (5th Cir. 1984); *Tyler v. City of Manhattan*, 118 F.3d 1400 (10th Cir. 1997).

8.06    "Operates" under ADA means a right to control. 42 U.S.C. § 12182(a).

*Zamora-Quezada, M.D., et al. v. HealthTexas Medical Group of San Antonio, et. al.*,

34 F.Supp.2d 433, 444 (W.D. Tx. 1998); *Neff, et al. v. American Dairy Queen Corp.*, 58 F.3d 1063

(5th Cir. 1995).

## FEDERAL REHABILITATION ACT

8.07    Section 504 of the Rehabilitation Act  in the context of an educational program

imposes a standard identical to the ADA.  *Hoekstra v. Independent School District No. 283*,

103 F.3d 624, 626 (8th Cir. 1996).

8.08    Because the Corpus Christi Latchkey Program does not receive federal assistance, it is not subject to Section 5.04 of the Rehabilitation Act.  *See* 29 U.S.C. § 794; 34 C.F.R. § 104.

8.09    Damages may only be awarded to a plaintiff if the disability played a motivating role in the decision adverse to the plaintiff.  In such case, relief is limited to declaratory and injunctive relief, costs and attorneys fees, costs and attorneys fees.  *Baird ex. re. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999).

8.10    Failure to meet a fundamental requirement of a program does not constitute discrimination under the Rehabilitation Act or ADA.  *See Gent v. Radford University*, 976 F.Supp. 391 (W.D. Va.), *aff'd.*, 122 F.3d 1061 (1997); *Betts v. Rector and Visitors of the University of Virginia*, 967 F.Supp. 882 (W.D. Va. 1997), *aff'd in part, and rev'd in part*, 191 F.3d 447 (4th Cir. 1999).

## IX.

## CONTESTED PROPOSITIONS OF LAW

9.01    That the IDEA does not apply to the City of Corpus Christi and its operation of the Latchkey Program.

9.02    The IDEA does not apply to the Latchkey Program because it does not receive federal funding. 34 C.F.R. §§ 104.1, 104.3(f).

9.03    When an ADA claim is brought in the context of educational services for a disabled child, ADA liability does not attach absent a showing of gross misjudgment or bad faith on the part of the school officials.  *Hoekstra v. Independent School District No. 283*, 103 F.3d 624, 627 (8th Cir. 1996).

9.04    The ADA does not require a public entity to provide to individuals with disabilities, personal devices, such as wheelchairs . . . or services of a personal nature including assistance in eating, toileting, or dressing. 28 C.F.R. § 35.135. As such, the ADA does not require either the City or CCISD to provide personal assistance to Christopher E.P. for the Latchkey Program.

9.05    Because CCISD does not operate, provide or make available the Latchkey Program, CCISD is not liable under the ADA for any matter concerning the Latchkey Program. 28 C.F.R. § 35.102.

9.06    The ADA does not require a private or a public entity to provide a "personal aide" or any assistance with toileting.  28 C.F.R. § 35.135.

9.07    A Latchkey Program is not subject to the Rehabilitation Act. *See* 34 C.F.R. §§ 104.1, 104.3(f).

9.08    A requirement that a parent or parent-designee provide medication for a child is a reasonable accommodation under the ADA.  *See Davis v. Francis Howell School District*, 138 F.3d 754 (8th Cir. 1998).

9.09    Bad faith or gross misjudgment is necessary for liability under the Rehabilitation Act in the context of education for handicapped children. *Monahan v. State of Neb.*, 687 F2d 1164 (8th Cir. 1982).

9.10    The statute of limitations under the Rehabilitation Act is two (2) years. *Hickey v. Irving Independent School District*, 976 F.2d 980 (5th Cir. 1992), *motion to vacate denied* 986 F.2d 916 (1993).

9.11    The statute of limitations under the IDEA is two (2) years. *Scokin v. State of Tex.*, 723 F.2d 432 (5th Cir. 1984).

13

9.12    Plaintiff must exhaust administrative remedies as to the Rehabilitation Act and has

failed to do so. *Hudson v. Bloomfield Hills Public Schools*, 910 F.Supp. 1291 (E.D. Mich. 1995)

*aff'd* 108 F.3d 112, *cert. denied* 118 S.Ct. 78, 139 L.Ed 2d 37.

9.13    The City contends that Christopher E.P. is not an "otherwise qualified" individual as

such term is defined by the various Acts cited by the Plaintiff. Title II of the ADA (as well as the

other Acts in question) prohibits discrimination against any "qualified individual with a disability."

In order to determine whether a particular individual is covered, Title II requires careful analysis

first, of whether an individual is an "individual with a disability," and then whether that individual

is "qualified." It is not disputed that Christopher E.P. is an individual with a disability; however,

the City contends that he is not otherwise qualified. In order to be qualified, the individual must

meet the essential eligibility requirements for receipt of services or participation in the public entity's

programs with or without (1) reasonable modifications to a public entity's rules, policies or practices;

or, (2) the provision of auxiliary aids and services. In this regard it is important to note that the ADA

does not require a State of local government to provide additional services for individuals with

disabilities that are not provided for individuals without disabilities. The ADA does not require that

an entity, either private or public, provide a "personal aide" or any assistance with toileting.

Christopher E.P. is not "otherwise qualified" under title II of the ADA, as well as under § 504 of the

Rehabilitation Act (Comments to 28 C.F.R. part 135 notes that Title II of the ADA provides

protections against discrimination that is at least equal to those provided by Section 504 of the

Rehabilitation Act).

9.14    The City contends that the Rehabilitation Act does not apply to the City with respect

to its operation of the Latchkey Program. The regulations governing educational aspects of the

14

Rehabilitation Act can be found in 34 C.F.R. Part 104. As in the IDEA, the Latchkey Program does not fit the definition of a program that is covered by this Act. 34 C.F.R. §§ 104.1, 104.3(f). The Latchkey Program is not a recipient of Federal Funding. It is also important to note that Subpart C (of Part 104) is not applicable to Plaintiff's claims. In her deposition, Rose V. stated that the physical facilities were accessible, and that Christopher could physically access all of the rooms and areas of the school.

9.15    Likewise Subpart D does not apply because the Latchkey Program is neither federally funded nor is it an educational program (34 C.F.R., Part 104, appendix A):

> The provisions of Subpart D apply to state and local educational agencies. Although the subpart applies, in general, to both public and private education programs and activities that are federally assisted, §§ 104.32 and 104.33 apply only to public programs and § 104.39 applies only to private programs; §§ 104.35 and 104.36 apply both to public programs and to those private programs that include special services for handicapped students."

Again, the applicable provisions refer to "education programs," or educational programs that are assisted by Federal funding. These types of programs do not encompass the Latchkey Program, which is neither run by an educational agency nor does the program receive the assistance of Federal funding.

9.16    The City also contends that the Latchkey Program is excepted from the general provisions of the American's with Disabilities Act. In general, as a public entity, the City must comply with the ADA to make its facilities and programs accessible to individuals with disabilities. This general requirement, however, does not encompass every facility and every program operated by a municipality. In particular, a governmental entity has no obligation to provide personal services to individuals, particularly those services that involve toileting or dressing. *See* 28 C.F.R. § 35.135.

15

# X.

## EXHIBITS

See attached Exhibit Lists for each party.

# XI.

## WITNESSES

11.01   Plaintiff expects to call the following witnesses:

A.   Ms. Rose Vasquez
     5902 Ayers Street, Lot 221
     Corpus Christi, Texas  78415
     Home:  361/851-1628
     Work:  361/854-7000

     She is the mother of the minor Plaintiff and will testify to facts and
     information with regard to the Plaintiff, Christopher E.P., the Defendants, and
     the causes of action made the basis of this case, including the cost of
     alternative after-school care for her son.

B.   Dr. Girish Patel
     3435 South Alameda Street
     Corpus Christi, Texas  78411
     361/855-9494

     Dr. Patel has treated Christopher E.P. and is expected to testify as to the
     physical and mental disabilities with regard to the Plaintiff, Christopher E.P.,
     including his medical history, diagnosis, prognosis, incapacities, and mental
     and physical limitations.  Dr. Patel has treated Christopher P. for the past
     several years and he is personally acquainted with him.

C.   Dr. Mario Quintanilla
     5866 S. Staples Street
     Corpus Christi, Texas  78413
     361/993-4793

     Dr. Quintanilla has treated the Plaintiff for psychiatric care for the past seven
     years.  He is expected to testify as to his psychiatric diagnosis, including
     opinions, findings, associated symptoms and behaviors of Christopher E.P.'s
     disabilities, capabilities, limitations, and prognosis.

D.    Mr. Leslie D. Cassidy, Attorney
      500 N. Water Street, Suite 400
      Corpus Christi, Texas  78471
      361/887-2965

      Mr. Cassidy has been licensed to practice law in Texas since 1985.  He will
      testify as to the reasonable attorney fees charged in this case, at the rate of
      One Hundred and Twenty-Five and No/100 Dollars ($125.00) per hour, in
      addition to usual and customary charges, and necessary legal work.

11.02  Defendant CCISD expects to call the following witnesses:

A.    Ms. Robin West and Mr. Robert Garcia
      Corpus Christi Independent School District
      801 Leopard
      P.O. Box 110
      Corpus Christi, Texas  78403-0110
      361/886-9067

      These individuals will testify that CCISD does not participate, control or
      influence the Latchkey Program and/or about disabilities.

B.    Mr. Daniel Whitworth
      City of Corpus Christi
      P.O. Box 9277
      Corpus Christi, Texas  78469-9277
      361/880-3360

      Mr. Whitworth will testify that the City controls, operates and runs the
      Latchkey Program.

C.    Ms. Sandra Sterba-Boatwright
      Meredith, Donnell & Abernethy
      One Shoreline Plaza
      800 N. Shoreline, Suite 1500, North Tower
      Corpus Christi, Texas  78401
      361/866-8136

      Sandra Sterba-Boatwright will testify as to attorneys' fees, if necessary.

11.03  Defendant City is expected to call the following witnesses:

A.    Mr. Daniel Whitworth
      City of Corpus Christi
      P.O. Box 9277
      Corpus Christi, Texas  78469-9277
      361/880-3360

      Mr. Whitworth will testify about the Latchkey Program, communications
      with Plaintiffs, and the lack of illegal discrimination.

B.    Ms. Linda Hodges
      City of Corpus Christi
      P.O. Box 9277
      Corpus Christi, Texas  78469-9277
      361/880-3360

      Ms. Hodges will testify about the Latchkey Program, communications with
      Plaintiffs, and the lack of illegal discrimination.

## XII.

## SETTLEMENT

Settlement efforts have been exhausted and this case must be tried.

## XIII.

## TRIAL

13.01  The probable length of a trial before the Court would probably be one-half to one day.

13.02  No unusual logistical problems are expected with the possible exception of scheduling out-of-town expert witnesses.

## XIV.

## ATTACHMENTS

1.    Plaintiff's Proposed Findings of Fact and Conclusions of Law

2.    Plaintiff's Exhibit List

18

3.  Defendant CCISD's Proposed Findings of Fact

4.  Defendant CCISD's Proposed Conclusions of Law

5.  Defendant CCISD's Exhibit List

6.  Defendant City's Proposed Findings of Fact

7.  Defendant City's Proposed Conclusions of Law

8.  Defendant City's Exhibit List

SIGNED on this _____ day of _____, 200__

_____

UNITED STATES DISTRICT JUDGE

APPROVED:

11-21 _____ , 200 0

Les Cassidy
Federal Bar No. 5931
State Bar No. 03979270

ATTORNEY-IN-CHARGE FOR
PLAINTIFF CHRISTOPHER E. P.
B/N/F ROSE V.

OF COUNSEL:

WOOLSEY & CASSIDY
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas  78471
Telephone No.: (361) 887-2965
Telecopier No.: (361) 887-6521

19

_Nov 21_, 200_0_


Sandra Sterba-Boatwright
Federal Bar No. 6857
State Bar No. 19169400

ATTORNEY-IN-CHARGE FOR
DEFENDANT CORPUS CHRISTI
INDEPENDENT SCHOOL DISTRICT

OF COUNSEL:

MEREDITH, DONNELL &
ABERNETHY
One Shoreline Plaza
800 N. Shoreline, Suite 1500-North Tower
Corpus Christi, Texas 78401
Telephone No.: (361) 888-5551
Telecopier No.: (361) 880-5618


_November 21_, 200_0_


Andrew Quittner
S.D. Texas No. 17001
State Bar No. 16439975

ATTORNEY-IN-CHARGE FOR
DEFENDANT CITY OF CORPUS
CHRISTI

OF COUNSEL:

CITY OF CORPUS CHRISTI
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone No.: (361) 880-3360
Telecopier No.: (361) 880-3239

O:\ATTYS\SSB\cases\Rose\Plead\1CCISD-City's pretrial order.wpd

20

**\*\*\***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded by *Hand-Delivery* to:

Mr. Les Cassidy
Woolsey & Cassidy
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas  78471

Mr. Andrew Quittner
Assistant City Attorney
City of Corpus Christi
P.O. Box 9277
Corpus Christi, Texas  78469-9277

on this the ⟶ day of *November, 2000.*

Sandra Sterba-Boatwright

1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHRISTOPHER E. P., b/n/f
ROSE V.                                    §
       Plaintiff                          §
                                           §   Civil Action No. C-00-021
VS.                                        §   Non-Jury
                                           §
CORPUS CHRISTI INDEPENDENT                 §
SCHOOL DISTRICT, ET AT.                    §
       Defendants                         §

## PLAINTIFF'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

### PROPOSED FINDINGS OF FACTS

1. Christopher E. P. is a disabled individual previously enrolled in elementary classes within the Corpus Christi Independent School District.

2. Plaintiff's mother, Rose V., is employed full-time outside the home.

3. Rose V. is the custodial parent. There are no other adults living in the home.

4. As a result of Rose V.'s employment, it is necessary for there to be after-school care for Christopher E. P.

5. The mother has requested that Christopher E. P. be enrolled in the LatchKey Program provided at Christopher E. P.'s school and operated by the City of Corpus Christi.

6. The after-school "LatchKey Program" is jointly sponsored by the City of Corpus Christi and the District. The City administers the program which is operated on

the premises of the District.  To be eligible for the program, children must be enrolled in the school where LatchKey services are offered.

7. Christopher E. P. was denied admission into the program because of his disability. The City and the District have refused to provide an aide or services to accommodate Christopher E. P.'s disability.

## CONCLUSIONS OF LAW

1. The Court finds that Christopher E. P. has been discriminated against because of his disability.  Such discrimination is prohibited by the ADA, 42 U.S.C. § 12132 (West 1999).  Forty percent (40%) of the children who participate in the program participate on a scholarship basis.  It would not be an undue financial hardship for the school to provide additional personnel to enable disabled children, such as Christopher E. P., to attend.

2. Plaintiff has been damaged as a result of the discrimination against Christopher E. P.  Such damages relate to compensation for providing alternative home care at Plaintiff's expense.  Plaintiff is entitled to recover reasonable and necessary attorney's fees for the prosecution of this claim.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
Corpus Christi _____ DIVISION

| | | |
|---|---|---|
| Christopher E.P., b/n/f | § | C-00-021 |
| Rose V. | § | CA/CR NO. |
| | § | |
| | § | JUDGE |
| vs. | § | |
| Corpus Christi Independent | § | COURTROOM CLERK |
| School District and City of | § | COURT REPORTER |
| Corpus Christi, Texas | § | PROCEEDING |
| | § | Plaintiff |
| | | EXHIBIT LIST OF |

| NO. | DESCRIPTION | OFFR | OBJ | DATE ADMIT | N/ADMIT |
|---|---|---|---|---|---|
| 1 | LatchKey after school program requirements and registration information | | | | |
| 2 | Interlocal Cooperation Agreement between City of Corpus Christi and Corpus Christi Independent School District for the LatchKey Program | | | | |
| 3 | Request for Spectial Accommodations | | | | |
| 4 | Letter from United States Department of Education | | | | |
| 5 | Affidavit of Rose V. | | | | |
| 6 | Conejo Valley (CA) Unified School District, 23 IDELR 448 (OCR 1995) | | | | |
| 7 | Board of Education of the City of New York, 16 EHLR 373 (OCR 1989) | | | | |
| 8 | Deposition excerpts of Daniel Whitworth | | | | |
| 9 | Irvine Unified School District, 19 IDELR 883(1993) | | | | |
| 10 | Deposition excerpts of Senja "Robin" West | | | | |
| 11 | Interrogatories and Request for Production | | | | |

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER E.P.,** | § | **C-00-021** |
| **B/N/F/ ROSE V.** | § | **CA/CR NO.** |
| | § | |
| | § | **The Honorable Janis Graham Jack** |
| | § | **JUDGE** |
| **VS.** | § | |
| | § | _____ _____ |
| | § | **COURTROOM CLERK     COURT REPORTER** |
| | § | |
| **CORPUS CHRISTI** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT AND** | § | _____ |
| **CITY OF CORPUS CHRISTI** | § | **PROCEEDING** |

## PROPOSED FINDINGS OF FACT OF
## DEFENDANT CORPUS CHRISTI INDEPENDENT
## SCHOOL DISTRICT

1.   Defendant Corpus Christi Independent School District (CCISD) is an educational institution.

2.   CCISD did not operate, provide, or otherwise partcipate in the Latchkey Program at issue in this lawsuit.

3.   CCISD provided a free appropriate public education to Christopher E.P. during his time in elementary school.

4.   CCISD formulated appropriate IEP's for Christopher E.P. through the ARD process.

5.   At no time during the ARD process did Rose V. complain that Christopher E.P.'s free appropriate public education was in any manner harmed by his failure to attend the City of Corpus Christi Latchkey Program.

6.   The City of Corpus Christi (City) operates the Latchkey Program at issue.

7.   The Latchkey Program is operated on some CCISD campuses. The Latchkey Program is not restricted to CCISD students. The City determines the eligibility criteria for the Latchkey Program sent in part in accordance with a state grant.

8.   Christopher E.P. during the fifth grade filed an application with the City for participation in the Latchkey Program.

9.      Christopher E.P. was not accepted into the Latchkey Program initially.

10.     Christopher E.P. was told by the City that if he provided an aide to assist in toileting needs he would be eligible for the Latchkey Program.

11.     The Latchkey Program is a non-educational, recreational day-care program.

12.     Christopher E.P. is unable to take care of his toileting and medication needs on his own.

13.     Christopher E.P. does not have the mental or physical capacity of a five-year old child in many instances.

14.     Christopher E.P., in spite of having a caregiver at home, did not seek admittance into the Latchkey Program with his caregiver.

15.     The cost for a fall and spring semester of the Latchkey Program in 1999-2000 was Six Hundred and Six and No/100 Dollars ($606.00).

16.     The total cost of the assistance that Rose V. claims to have hired as a result of her inability to have Christopher E.P. in the Latchkey Program at Seven and No/100 Dollars ($7.00) per hour, two hours per day, and 180 days per year (which would have to be adjusted due to absences) would be Two Thousand Five Hundred Twenty and No/100 Dollars ($2,520.00).

17.     The City's Latchkey Program does not impermissibly discriminate against persons with disabilities.

18.     Neither the City nor CCISD intentionally discriminated against Chritopher E.P.

19.     The City's recommended accommodation to make Christopher E.P. eligible for the Latchkey Program was reasonable.

20.     Rose V. and Christopher E.P. should take nothing against CCISD and the City.

21.     The physical facility used for the Latchkey Program was accessible.

IF OTHER PROPOSED FINDINGS OF FACT AT TRIAL BECOME KNOWN, THEY WILL BE REPORTED TO OPPOSING COUNSEL IN WRITING AS SOON AS THEY ARE KNOWN

O:\ATTYS\SSB\cases\Rose\Plead\3CCISD-City's pretrial order proposed findings of fact.wpd

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER E.P.,** | § | **C-00-021** |
| **B/N/F/ ROSE V.** | § | **CA/CR NO.** |
| | § | |
| | § | **The Honorable Janis Graham Jack** |
| | § | **JUDGE** |
| **VS.** | § | |
| | § | |
| | § | _____    _____ |
| | § | **COURTROOM CLERK      COURT REPORTER** |
| | § | |
| **CORPUS CHRISTI** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT AND** | § | _____ |
| **CITY OF CORPUS CHRISTI** | § | **PROCEEDING** |

**PROPOSED CONCLUSIONS OF LAW OF
DEFENDANT CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT**

1.     Defendant Corpus Christi Independent School District (CCISD) does not own, operate, or assist in the operation in any way of the City of Corpus Christi Latchkey Program.

2.     There is no jurisdiction of the Latchkey Program under the IDEA because it is not an educational program.

3.     There is no jurisdiction under the IDEA or Rehabilitation Act because the complaint that Christopher E.P.'s failure to participate in the Latchkey Program was detrimental to the free appropriate public education has not previously been brought up in the administrative proceedings as a prerequisite to this lawsuit and thus there is no jurisdiction of that issue.

4.     The Rehabilitation Act cannot be used to avoid the administrative proceedings of the IDEA.

5.     Because CCISD has provided a free appropriate public education, it has not violated the IDEA or the Rehabilitation Act.

6.     The elementary school is and was physically accessible to Christopher E.P.

7.     The Latchkey Program is not a CCISD program or activity under the Rehabilitation Act.

8.        The Americans with Disabilities Act (ADA) does not require any public entity to provide toileting assistance.

9.        Christopher E.P. is not an otherwise qualified individual under the ADA due to his inability to provide for his own toileting needs.

10.      The requirement of the City of Corpus Christi (City) that Christopher E.P. provide his own toileting assistance does not violate the ADA.

11.      The IDEA and Rehabilitation Act do not apply to the City or its Latchkey Program.

12.      The Latchkey Program is not an illegally discriminatory program.

13.      Plaintiff Christopher E.P. b/n/f Rose V. and Rose v. take nothing by this lawsuit.

14.      The City has not violated the ADA.

15.      The City Latchkey Program is not subject to the Rehabilitation Act or IDEA.

16.      CCISD has not violated the IDEA or Rehabilitation Act.

17.      CCISD is not subject to the ADA with regard to the City Latchkey Program.

IF OTHER PROPOSED CONCLUSIONS OF LAW AT TRIAL BECOME KNOWN, THEY WILL BE REPORTED TO OPPOSING COUNSEL IN WRITING AS SOON AS THEY ARE KNOWN

O:\ATTYS\SSB\cases\Rose\Plead\4CCISD-City's pretrial order proposed conclusions of law.wpd

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER E.P.,** | § | <u>C-00-021</u> |
| **B/N/F/ ROSE V.** | § | **CA/CR NO.** |
| | § | |
| | § | **The Honorable Janis Graham Jack** |
| | § | **JUDGE** |
| **VS.** | § | |
| | § | _____  _____ |
| | § | **COURTROOM CLERK      COURT REPORTER** |
| | § | |
| **CORPUS CHRISTI** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT AND** | § | _____ |
| **CITY OF CORPUS CHRISTI** | § | **PROCEEDING** |

**EXHIBIT LIST OF
DEFENDANT CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT**

| NO. | DESCRIPTION | OFFR | OBJ. | DATE | |
|---|---|---|---|---|---|
| | | | | ADMIT | N/ADMIT |
| 1. | All documents attached to CCISD's Motion for Summary Judgment | | | | |
| 2. | ARD proceeding documents (1999-2000) | | | | |
| 3. | ARD proceeding documents (1998-1999) | | | | |
| 4. | ARD proceeding documents (1997-1998) | | | | |
| 5. | ARD proceeding documents (1996-1997) | | | | |
| 6. | ARD proceeding documents (1995-1996) | | | | |
| 7. | The contract between the City of Corpus Christi and CCISD | | | | |
| 8. | Hearing documents | | | | |
| 9. | The child's school records; | | | | |
| 10. | The child's psychological service records | | | | |
| 11. | Christopher P.'s attendance records | | | | |
| 12. | DPRS Guidelines | | | | |

| NO. | DESCRIPTION | OFFR | OBJ. | DATE | |
|-----|-------------|------|------|------|------|
| | | | | ADMIT | N/ADMIT |
| 13. | CCISD facility usage policies; and | | | | |
| 14. | Documents related to Christopher P.'s attempts to enroll in Latchkey Program. | | | | |

IF OTHER EXHIBITS AT TRIAL BECOME KNOWN, THEY WILL BE REPORTED TO OPPOSING COUNSEL IN WRITING AS SOON AS THEY ARE KNOWN

O:\ATTYS\SSB\cases\Rose\Plead\2CCISD-City's pretrial order exhibits.wpd

- 2 -

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER E.P., b/n/f** | § | |
| **ROSE V.** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO: C-00-021** |
| | § | |
| **CORPUS CHRISTI INDEPENDENT** | § | |
| **SCHOOL DISTRICT AN CITY OF** | § | |
| **CORPUS CHRISTI, TEXAS** | § | |

## PROPOSED FINDINGS OF FACT FOR THE CITY OF CORPUS CHRISTI

1.   Under the auspices of the Parks and Recreation Department, the City of Corpus Christi operates the Latchkey Program as a supervised, after school recreation program.

2.   The City of Corpus Christi is not an educational agency, or an educational service agency.

3.   The Latchkey Program receives no federal funds.

4.   The Latchkey Program is entirely funded by its Participants.

5.   Attendance in the Latchkey Program is premised on the child being at least five years old, and ends when that child graduates from elementary school.

6.   All attendees of the Latchkey Program must be able to handle their toileting needs without assistance.

7.   All attendees of the Latchkey Program must be able to handle their own medications, if needed, with minimal assistance.

8.      Christopher is a "disabled individual" within the meaning of that term under the Americans with Disabilities Act.

9.      Christopher E.P. applied to attend the Latchkey Program for the 1999-2000 school year. The application was not complete, because Christopher failed to get the required concurrence of his physician.

10.     In Christopher's application, his mother requested that the City provide a personal attendant for Christopher so that he could participate in the program.

11.     Christopher cannot take care of his toileting needs without assistance. Further, Christopher needs one on one care for the duration of the Latchkey Program.

12.     The City of Corpus Christi informed Christopher's mother that the Latchkey Program could not provide an attendant; however, Christopher was welcome to attend the Program if he provided his own attendant.

13.     Christopher's mother is employed during the day from 8:00 a.m. until 5:00 p.m.

14.     Christopher's mother employed an attendant during to watch Christopher after school.

15.     Even though Christopher had an attendant, his mother never brought him to the Program for participation therein.

16.     Christopher now attends middle school and is no longer eligible to attend the City's Latchkey Program.

17.     Christopher does not meet the essential eligibility requirements of the City's Latchkey Program; therefore, he is not "otherwise qualified" as such term is defined by the Americans with Disabilities Act.

18.    The requirements for the City's Latchkey Program were set in accordance with the licensing requirements set forth by the Texas Department of Protective and Regulatory Services such that the cost per student could be minimized.

19.    The acceptance of children who fall below the Program's guidelines at one center would effect the requirements at all of the Program's centers.

20.    Approximately 40% of the Latchkey Program's participants receive scholarships in the form of reduced fees.

21.    Changes in the Latchkey Program guidelines have a disproportionate effect on the Program's affordability, particularly with respect to those families who are close to the scholarship cut-off line.

22.    Allowing Christopher (and other similarly situated children) to participate in the Latchkey Program would effect a fundamental change in the Program.

23.    The Latchkey Program offered to accommodate Christopher, by allowing his participation if an aide were provided for him by some other source than Latchkey funds.

24.    Christopher did not accept the accommodation offered by the City.

25.    The accommodation offered by the City was reasonable.

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER E.P., b/n/f** | § | |
| **ROSE V.** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO: C-00-021** |
| | § | |
| **CORPUS CHRISTI INDEPENDENT** | § | |
| **SCHOOL DISTRICT AN CITY OF** | § | |
| **CORPUS CHRISTI, TEXAS** | § | |

## PROPOSED CONCLUSIONS OF LAW FOR THE CITY OF CORPUS CHRISTI

1.  The City of Corpus Christi is not an educational agency, or educational service agency as such terms are defined by the Individuals with Disabilities Education Act. The Individuals with Disabilities Education Act does not apply to the City of Corpus Christi, and its operation of the Latchkey Program.

2.  The Rehabilitation Act of 1973 does not apply to the City of Corpus Christi and its operation of the Latchkey Program because the City does not receive any federal funding or assistance from the Department of Education for its recreational programs, and particularly does not receive any for the operation of the Latchkey Program.

3.  Under the regulations passed pursuant to the Americans with Disabilities Act the Latchkey Program is not required to provide personal services, such as a personal aide or assistance with toileting; therefor, the ADA does not apply to the Latchkey Program.

4.  In its operation of the Latchkey Program, the City of Corpus Christi did not intentionally discriminate against Christopher E.P.

5.  Christopher E.P. is not entitled to receive punitive damages.

6.    Christopher E.P. is not entitled to compensatory damages.

7.    Christopher E.P.'s request for injunctive relief is moot because he is no longer eligible (based on age) for the services that he seeks.  Further, under the ADA, the City of Corpus Christi is not obligated to provide personal services for disabled persons; therefore, Christopher E.P. is not entitled to the injunctive relief that he seeks.

8.    Christopher E.P. did not prevail on any of his legal claims; therefore he is not entitled to an award of attorney's fees.

CMPDF - www.fusisoft.com

8

CutePDF - www.fastio.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER E.P., b/n/f | § | CIVIL ACTION NO.: C-00-21 |
| ROSE V. | § | |
| **Plaintiff** | § | Janis Graham Jack |
| | § | **JUDGE** |
| **vs.** | § | |
| | § | |
| **CORPUS CHRISTI INDEPENDENT** | § | _____   _____ |
| **SCHOOL DISTRICT AN CITY OF** | § | **Courtroom Clerk    Court Reporter** |
| **CORPUS CHRISTI, TEXAS** | § | |

**TRIAL EXHIBIT LIST FOR THE CITY OF CORPUS CHRISTI**

| NO. | DESCRIPTION | OFFER | OBJ. | ADMIT | N/AD |
|---|---|---|---|---|---|
| 1. | Latchkey Application Documents | | | | |
| 2. | Application documents filled out by Christopher's mother | | | | |
| 3. | Interlocal Cooperation Agreement between the City and CCISD | | | | |
| 4. | Latchkey Application Package for 1999-2000 School Year | | | | |
| 5. | Christopher's School Attendance Records | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |