IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



DEC 07 2000

| | | |
|---|---|---|
| CHRISTOPHER E.P., b/n/f | § | |
| ROSE V. | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: C-00-021 |
| | § | |
| CORPUS CHRISTI INDEPENDENT | § | |
| SCHOOL DISTRICT AN CITY OF | § | |
| CORPUS CHRISTI, TEXAS | § | |

## MOTION FOR RECONSIDERATION OF COURT'S ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT AND FINAL JUDGMENT

The City of Corpus Christi, the only Defendant remaining herein, files this Motion requesting that the Court reconsider part of the findings in the Court's Order Regarding Motions for Summary Judgment and Final Judgment. In support of this Motion, the City of Corpus Christi shows as follows:

1. On November 29, 2000, the Court granted in part and denied in part the Motion for Summary Judgment filed by the City of Corpus Christi (hereinafter "the City"). In its Order entitled *Final Judgment*, the Court dismissed, with prejudice, the claims against the City under the Americans With Disabilities Act, 42 U.S.C. § 12132, *et seq.* and those under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401, *et seq.* The Court further found that issues of material fact existed as to the application of Rehabilitation Act of 1973 with respect to the operation of the City's Latchkey Program.

2. The Central issue to this Motion for Reconsideration, and the underlying issue in the previous Court's Order, concerns whether or not receipt of federal funding on the part of the City flows over to the Department of Parks and Recreations Latchkey Program. The Court, citing cases

H:\LEG-DIR\NOEMI\ANDY\4452ROSE\4452qu23.pld

from outside the Fifth Circuit, stated that "[i]f the City receives any federal financial assistance it is bound by the Rehabilitation Act not to discriminate against qualified, disabled individuals in any of its services."[1] The Court further found: "The City asserts only that the Latchkey Program does not receive any federal funds. It does not state whether or not the City receives federal funds for some other purpose. Nor has the City pointed to the absence of evidence in the record regarding whether it receives federal funding." *Id.* The City requests that the Court reconsider this point, because the Court's holding does not comport with Fifth Circuit precedence.

3.  In ***Lightbourn v. Democratic Party of El Paso***[2], the Fifth Circuit Court of Appeals held: "We have held that to state a § 504 claim a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance." In this case the plaintiff was attempting to apply the Rehabilitation Act to the Texas Secretary of State under the theory that due to the fact that the State of Texas receives Federal funding, the Secretary of State must comply with the Rehabilitation Act when approving and designing election procedures. In that case the plaintiffs failed to argue or present any evidence that the Secretary received federal financial assistance, thus they failed to state a claim under § 504.

4.  The same reasoning applies to the present case. The City of Corpus Christi does receive monies from Federal sources; however, the Department of Parks and Recreation does not. Further, Plaintiff has failed to provide any evidence that the Latchkey Program receives any Federal

---

[1] Order Regarding Motions for Summary Judgment, page 8.

[2] *Lightbourn v. Democratic Party of El Paso*, 118 F.3d 421, 427 (5th Cir.1997).

assistance. Further, Dan Whitworth, the program director, testified that the Latchkey Program did not receive any Federal financial assistance.[3] Plaintiffs have provided no evidence to the contrary.

5.  Under the facts present before the Court, and the prevailing law of the Fifth Circuit, the Rehabilitation Act of 1973 does not apply to the Latchkey Program. There are no material issues of fact and this case should be dismissed.

The City of Corpus Christi respectfully requests that the Court reconsider its earlier Order Regarding Motions for Summary Judgment, and enter a Judgment dismissing the remaining claim under the Rehabilitation Act.

Respectfully submitted,
**JAMES R. BRAY, JR.**
**CITY ATTORNEY**

Andrew L. Quittner
Assistant City Attorney
Texas Bar No.: 16439975
S.D. Texas No.: 17001
City of Corpus Christi
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone: (361) 880-3360
Facsimile:  (361) 880-3239

**ATTORNEY FOR DEFENDANT**
**CITY OF CORPUS CHRISTI**

---

[3] *See*, evidence supporting the City's Motion for Summary Judgment.

## CERTIFICATE OF CONSULTATION

On December 7, 2000, the undersigned attempted to consult with counsel for Plaintiff, but he was in trial. It is therefore assumed that Plaintiff is opposed to this motion.

_____
Andrew L. Quittner

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2000, a true and correct copy of the above and foregoing document was served on the following by the method indicated:

**BY HAND DELIVERY:**

Mr. Les Cassidy
Woolsey & Cassidy
1020 Bank of America Center, North
500 North Water Street
Corpus Christi, Texas 78471

_____
Andrew L. Quittner

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E.P., b/n/f | § | |
| ROSE V. | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: C-00-021 |
| | § | |
| CORPUS CHRISTI INDEPENDENT | § | |
| SCHOOL DISTRICT AN CITY OF | § | |
| CORPUS CHRISTI, TEXAS | § | |

## ORDER GRANTING THE CITY OF CORPUS CHRISTI'S MOTION TO RECONSIDER COURT'S ORDER ON SUMMARY JUDGMENT, AND ORDER OF DISMISSAL

Before the Court is a Motion to Reconsider this Court's earlier Order denying, in part, the Motion for Summary Judgment filed by the City. Upon consideration of the City's Motion, and the authority cited therein, the Court finds that there is no evidence that the City's Latchkey Program is the recipient of Federal funding. Since the Latchkey Program is not a recipient of Federal funds, the Plaintiff has failed to state a claim under § 504 of the Rehabilitation Act of 1973. *Lightbourn v. Democratic Part of El Paso*, 118 F.3d 421 (5th Cir.1997).

The Court thereby DISMISSES the claims against the City of Corpus Christi under the Rehabilitation Act of 1973. That being the only remaining claim this case is hereby

DISMISSED, with prejudice.

Signed this _____ day of December 2000.

_____
United States District Judge