IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER E.P., b/n/f ROSE V., § § Plaintiff, § § vs. § § CORPUS CHRISTI INDEPENDENT § SCHOOL DISTRICT AND THE CITY § OF CORPUS CHRISTI, TEXAS, § Defendants. § | CIVIL ACTION NO. C-00-021 |

## ORDER DENYING MOTION FOR RECONSIDERATION

The City of Corpus Christi has filed a motion requesting that the Court reconsider its order denying the City's motion for summary judgment as to Plaintiff's claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794. For the reasons set forth below, the Court denies the motion for reconsideration.

## I. JURISDICTION

This action is brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401, *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* The Court has jurisdiction over these federal law claims pursuant to 28 U.S.C. § 1331; in addition, the Court has jurisdiction over Plaintiff's IDEA claim pursuant to 20 U.S.C. § 1415(i)(3).

## II. FACTS

The City seeks reconsideration on the grounds that the Latchkey Program does not receive "federal financial assistance." The Court denied the City's motion for summary judgment because it found that issues of material fact remained with respect to whether the City itself, rather than the Latchkey Program, receives federal financial assistance. The City relies on a single case in its motion for consideration - <u>Lightbourn v. Democratic Party of El Paso</u>, 118 F.3d 421 (5th Cir. 1997). The City's reliance is misplaced, and ignores the history of the Rehabilitation Act.

The <u>Lightbourn</u> case involved a claim that the Secretary of State of Texas violated the Rehabilitation Act by discriminating against blind persons by failing to insure that they had access to "polling sites and voting procedures." <u>Id.</u> at 423. The Secretary argued that he did not receive federal funds; the plaintiffs argued that, because the State of Texas received federal funds, the Secretary was subject to the Rehabilitation Act.

The Fifth Circuit's holding was that there had been no showing that the Secretary of State had received federal funds. The Secretary was, in fact, the person (or office) sought to be

2

found liable under the Rehabilitation Act.  *See* id. at 426-427. In the instant case, the City of Corpus Christi itself is the person sought to be held liable; thus, it is relevant whether the City itself receives financial aid.

The language quoted by the City ("We have held that to state a § 504 claim a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from financial assistance") was a reference to a 1981 case, Brown v. Sibley, 650 F.2d 760, 767-771 (5th Cir. Unit A 1981), which relied on a version of the Rehabilitation Act that since has been amended for the *purpose* of abrogating the rule stated.  *See* Innovative Health Systems, Inc. v. The City of White Plains, 931 F. Supp. 222 (S.D.N.Y. 1996), *aff'd* 117 F.3d 37 (3rd Cir. 1997).

As the district court in Innovative Health Systems, Inc. noted, the Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28, 29 (1988) amended the definition of "program or activity receiving Federal financial assistance" under the Rehabilitation Act to mean "all of the operations of a department, agency, special purpose district or other instrumentality of a State or of a local government. . ." 29

3

U.S.C. § 794(b)(1)(A). The amendment was in reaction to the Supreme Court's decisions in <u>Grove City College v. Bell</u>, 465 U.S. 555, 104 S. Ct. 1211 (1984). That case interpreted Title IX to apply only to specific programs that received federal financial aid, and not to programs that received no federal financial aid, even if other programs within the same institution received federal financial aid; the Civil Rights Restoration Act of 1987 was passed to undo that holding. *See* <u>Franklin v. Gwinnet County Public Schools</u>, 503 U.S. 60, 73, 112 S. Ct. 1028, 1036 (1992); <u>NCAA v. Smith</u>, 525 U.S. 459, 466 n. 4, 119 S. Ct. 924, 928 n. 4 (1999) (recognizing that Civil Rights Restoration Act was response to <u>Grove City</u>, and expanded scope of coverage for Title IX, Title VI, and Rehabilitation Act claims). The Restoration Act abrogated the <u>Grove</u> holding by expanding the definition of "program or activity" in both Title IX and the Rehabilitation Act; as to the Rehabilitation Act, "program or activity" was defined to include "<u>all of the operations</u> of a department, agency, special purpose district or other instrumentality of a State or of a local government. . ." *See* <u>Leake v. Long Island Jewish Medical Center</u>, 695 F. Supp. 1414 (E.D.N.Y. 1988), *aff'd*, 869 F.2d 130, 131 (2nd Cir. 1989) (per curiam) (district court

held, in Rehabilitation Act case, that Restoration Act overruled Grove City and appeals court affirmed on that ground).

The current version of the Rehabilitation Act, as amended by the Civil Rights Restoration Act of 1987, does not limit its reach just to programs that receive financial aid, but to "all operations" of an entity that receives financial aid. Thus, the district court in the Innovative Health Systems case determined that the city's zoning board of appeals and planning board were liable under the Rehabilitation Act because the city itself received federal financial assistance. The Court finds the reasoning in that case persuasive.

Lightbourn, which has not been cited as authority in any other reported decision for the proposition asserted by the City, simply does not stand for the hard and fast rule that the City would like it to have stated. Significantly, the Fifth Circuit in Lightbourn found that the district court in that case had made no finding regarding the Secretary's receipt of federal financial assistance. Lightbourn, 118 F.3d at 426. The argument that the State received federal funding was raised only on appeal, and thus the issue was not fully explored in the record from the trial court. But more importantly, the parties did not address whether the program of the Secretary's department that managed

5

voting issues received federal funding; rather, the issue was whether the Secretary himself received federal financial assistance.

## IV. CONCLUSION

The Court does not find that the <u>Lightbourn</u> case compels it to change its decision regarding the issue of federal financial assistance to the City of Corpus Christi. For the foregoing reasons, the City's motion for reconsideration is DENIED.

```
_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE
        12-8-00
```